**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QING XUE YUAN, | No. 11-72935 |
| Petitioner, | Agency No. A099-676-746 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Qing Xue Yuan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Yuan failed to establish past persecution on account of his resistance to a coercive population control policy. *See Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010) ("an applicant must provide evidence of resistance in addition to the spouse's forced abortion or sterilization" to be eligible for asylum ). Substantial evidence also supports the BIA's finding that Yuan did not demonstrate a well-founded future fear of forced sterilization or persecution for resistance to China's coercive population control policy. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was too speculative).

With respect to Yuan's claim based on his assistance to a North Korean refugee relative, the BIA found Yuan did not submit corroborating evidence and did not establish that such evidence was not reasonably obtainable. We lack jurisdiction to consider Yuan's unexhausted contention that the IJ denied him a full and fair opportunity to present his claim by not giving him an adequate opportunity to explain the lack of corroborating evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Yuan does not otherwise challenge the BIA's determination.

Thus, Yuan's asylum claim fails.

Finally, Yuan does not challenge the BIA's finding that he failed to appeal the IJ's denial of withholding of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**